**WO**                                                                                                          HJ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prudential Equity Group, Inc., | No. CV 07-00801-PHX-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Arlene D. Rowland, | |
| Defendant. | |

Before the Court is Plaintiff's Application to Confirm Arbitration Award (Dkts. 1-9), Defendant's Motion for Dismissal (Dkt. 19), and Plaintiff's Opposition to Defendant's Motion for Dismissal; Request for Confirmation of Arbitration Award (Dkt. 25). The Court finds this matter suitable for decision without oral argument.

**I.    Background**

Defendant Rowland commenced arbitration of an employment dispute before the National Association of Securities Dealers ("NASD") on February 19, 2003. Defendant signed the NASD Uniform Submission Agreement. The Uniform Submission Agreement provided, *inter alia*, that the parties agreed to "abide by an perform any award(s) rendered pursuant to the Submission Agreement[,]" "that a judgment and any interest due thereon may be entered upon such award(s), and" that the parties consented to "submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." On March

1 17, 2005, after two years of discovery and several rulings, Defendant moved for dismissal
2 of her arbitration claim without prejudice.  The arbitration panel conditionally granted
3 Defendant's motion to dismiss subject to Defendant's express agreement to pay an award of
4 costs and attorneys fees to Plaintiff.  Defendant expressly accepted these terms in a letter
5 dated June 17, 2005.  On April 26, 2006, the arbitrators issued their final award dismissing
6 Defendant's arbitration without prejudice and ordering that Defendant pay Plaintiff
7 $137,795.82, plus interest at the legal rate from the date of the award until paid.  Defendant
8 failed to voluntarily pay the award.  On April 16, 2007, Plaintiff filed this action to confirm
9 the award and obtain a judgment.

## II.   Analysis

The Federal Arbitration Act, 9 U.S.C. § 9, provides that a court must grant an application to confirm an arbitration award brought within one year after the award is made so long as the parties who arbitrated the dispute agreed that a court would be able to enter judgment upon the arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C.]." 9 U.S.C. § 9. The Arbitration Act is not, however, a grant of jurisdiction. Therefore, the Court must have an independent jurisdictional basis. See General Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 969 (9th Cir. 1981).  For purposes of diversity jurisdiction, the amount in controversy is the amount at stake in the underlying arbitration dispute, and not the amount of the arbitration award. See Theis Research, Inc. v. Brown & Bain, 386 F.3d 1180, 1181 (9th Cir. 2004).[1]

Plaintiff brought this application to confirm the arbitration award on April 16, 2007, within one year of the April 21, 2006, award. The parties' submission agreement provided that the parties agreed to "abide by an perform any award(s) rendered pursuant to the

---

[1] The opinion of the Ninth Circuit in Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 664 (9th Cir. 2005), is consistent, though the Court discusses instances where the amount in controversy is not met. In this case, both the award and the amount sought in the underlying arbitration satisfy the amount in controversy requirement.

- 2 -

Submission Agreement[,]" "that a judgment and any interest due thereon may be entered upon such award(s), and" that the parties consented to "submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." Venue is proper in the District of Arizona because the arbitration award was made here. 9 U.S.C. § 9. Further, the complete diversity exists because Plaintiff, a corporate entity, is a citizen of both Delaware and New York, and Defendant is either a citizen of Arizona or California.[2] The amount in controversy in the underlying arbitration exceeded $1 million and the actual award exceeded $75,000. Thus, the Court has an independent jurisdictional basis pursuant to 28 U.S.C. § 1332.

### III.  Conclusion

Having determined that the Court has jurisdiction to confirm the arbitration award and that the requirements of 9 U.S.C. § 9 are met, the Court must grant Plaintiff's application. The Court has also reviewed Defendant's arguments in her motion to dismiss and finds them to be without merit.

Accordingly,

**IT IS ORDERED** denying Defendant's Motion for Dismissal (Dkt. 19).

**IT IS FURTHER ORDERED** granting Plaintiff's Application to Confirm Arbitration Award (Dkts. 1-9), and confirming the award of $137,795.82, plus interest at the legal rate from April 21, 2006, until satisfied in full.

DATED this 25th day of March, 2008.

_____
Earl H. Carroll
United States District Judge

---

[2] Defendant maintains a Tempe, Arizona address on file with this Court, though she now claims to reside in California.