**WO**                                                                                       NN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prudential Equity Group, LLC, | No. CV 07-801-PHX-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Arlene D. Rowland, | |
| Defendant. | |

On April 16, 2007, Plaintiff Prudential Equity Group, LLC ("PEG") filed an application to confirm an arbitration award in the amount of $137,795.82. (Dkts. 1-9). Defendant Rowland, representing herself, filed a motion to dismiss on June 19, 2007. (Dkt. 19). On March 25, 2008, the Court denied Rowland's motion to dismiss and confirmed PEG's arbitration award (See Dkt. 28). Having found that complete diversity existed, venue was proper, and Plaintiff brought a timely application, the Court confirmed the award. See 9 U.S.C. § 9.

Rowland has filed a motion to vacate the confirmation order (Dkt. 29) and a motion to void or vacate the confirmation order (Dkt. 30). PEG filed a motion for extension of time to respond to Rowland's motions. PEG cited Rowland's numerous factual and legal allegations contained in her motions and that PEG was going to file a

motion for sanctions under Rule 11(b) of the Federal Rules of Civil Procedure for the 60-day extension. The Court granted PEG's motion to extend its response deadline up to and including June 24, 2008. In addition, the Court ordered that a clerical error be corrected; Plaintiff's correct name is Prudential Equity Group, LLC, *not* Prudential Equity Group, Inc. (See Dkt. 39).

Rowland filed a Motion for Reconsideration (Dkt. 41) in which she opposes both the grant for extension of time and the correction of Plaintiff's name.

Local Rule of Civil Procedure 7.2(g)(1) provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g)(1) (2008). Neither showing has been met.

First, Rowland objects on the grounds that she did not receive an exact copy of the proposed form of order; she compares the copy she received with the Court's Order. The Court has discretion to modify the proposed order and did so in this case.

Second, Rowland claims she was denied due process because she was not given the opportunity to file a responsive motion opposing the extension of time. However, the moving party need only state the position of the opposing party regarding a motion for extension of time or indicate that attempts to contact the opposing party were unsuccessful, which PEG did. There is no provision that the opposing party must be given the opportunity to file a response. See LRCiv. 7.3.

Third, Rowland contends she is prejudiced by the Court's grant of time to file a "post-judgment FRCP Rule 11 motion." However, a Rule 11 motion for sanctions is not before the Court. Thus, Rowland's arguments against a Rule 11 motion are premature.

Fourth, Rowland argues that Prudential Equity Group, Inc. does not have standing to claim the arbitration award and changing the name to Prudential Equity

- 2 -

Group, LLC circumvents the "Real Party In Interest Rule." (Dkt. 39, pp. 6-9).  On May 18, 2007, however, Rowland acknowledged receipt of PEG's request for waiver of service of summons "in the action of <u>Prudential Equity Group, LLC v. Arlene Rowland</u>. (Dkt. 14, p. 2).  Every single document, including the initial application, filed by PEG reflects Plaintiff's name as Prudential Equity Group, LLC.

Rowland has filed a Notice of Appeal to the Ninth Circuit (Dkt. 31) and an Application for Permission to Appeal in Forma Pauperis (Dkt. 32).  Rowland was previously employed as a "registered and licensed Financial Advisor." (Dkt. 32, p. 2). She claims that her unemployment status is "directly related" to her "EEOC claims of December 2002" and "Prudential's continued interference" with her employment. (Dkt. 32, p. 2).  She is "currently enrolled in a full-time post-graduate degree program" and pays for her education without any financial aid.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Dkt. 41) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's Application for Permission to Appeal in Forma Pauperis (Dkt. 32) is **denied** without prejudice, with leave to file a financial affidavit**.**

DATED this 16th day of May, 2008.

*[signature: Earl H Carroll]*
Earl H. Carroll
United States District Judge

- 3 -